UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-cv-00273-MR

| | |
|---|---|
| RODWYN TAYLOR, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>TODD ISHEE, Secretary, North )<br>Carolina Department of Adult )<br>Correction, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on initial review of the Petition for Writ of Habeas Corpus filed by Petitioner Rodwyn Taylor, pursuant to 28 U.S.C. § 2254 on May 4, 2023. [Doc. 1]. Also before the Court is the Motion to Proceed *In Forma Pauperis*, filed on May 17, 2023. [Doc. 3].

**I.     BACKGROUND**

Rodwyn Taylor, ("the Petitioner"), is a prisoner of the State of North Carolina. The Petitioner was convicted in Mecklenburg County Superior Court on January 1, 2020 after pleading guilty to accessory after the fact to first-degree murder. [Doc. 1 at 1]. The Petitioner did not file a direct appeal of his judgment of conviction or seek further review from a higher state court. [Id. at 2].

The Petitioner filed a post-conviction Motion for Appropriate Relief ("MAR") in the Mecklenburg County Superior Court on March 31, 2021 raising ineffective assistance of counsel and unlawful arrest. [Id. at 3-4]. The MAR was denied on May 25, 2021. [Id.]. The Petitioner did not seek appellate review of the MAR denial and did not file any further post-conviction motions or petitions. [Id. at 3-5].

The Petitioner filed his Petition for Writ of Habeas in this Court on May 4, 2023. [Doc. 1].

## II. DISCUSSION

### A. Motion to Proceed *in Forma Pauperis*

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 3]. Rule 3(a) of the Rules Governing Section 2254 Cases requires that a § 2254 petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required feesif the if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The Petitioner's application shows that he has no income, no monthly expenses, and no assets, cash, or money in any accounts. [Doc. 3]. The Court is satisfied that the Petitioner does not have sufficient funds to pay the filing fee and will grant the motion to proceed *in forma pauperis*.

2

Case 3:23-cv-00273-MR   Document 4   Filed 05/25/23   Page 2 of 7

## B. Initial Review of § 2254 Petition

Under 28 U.S.C. § 2254, a prisoner in custody under a state court judgment may attack his conviction and sentence on grounds that it violates the Constitution and/or laws or treaties of the United States by filing a petition for writ of habeas corpus. Rule 2(c) of the Rules Governing Section 2254 Cases requires a petitioner to specify all the grounds for relief available to him and to state the facts that support each ground. Rule 2(c), 28 U.S.C. foll. § 2254. In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C. foll. § 2254.

The Petitioner raises two grounds for relief in his § 2254 petition. In ground one, the Petitioner alleges that "[t]he detective withheld evidence that he never turned in that was favorable [to Petitioner], it was never turned into the lab." [Doc. 1 at 5]. The Petitioner claims that the evidence is a recording of the detective telling the Petitioner's mother that he knew the Petitioner did not kill the victim was but was going to charge him anyway because the Petitioner would not tell the detective who committed the murder. [Id.]. The Petitioner states that he did not discover this evidence until after he signed his plea and did not know how to present it without legal counsel, as he was

3

unable to get in touch with the attorney that represented him in his criminal proceeding. [Id.]. The Petitioner did not raise this issue on appeal or in his post-conviction MAR, which he states is because of his ignorance of the law without legal counsel. [Id. at 6].

In ground two, the Petitioner alleges that "I was a level 5 when I was charged, but was convicted as a level six (6)." [Doc. 1 at 7]. The Petitioner offers no additional facts in furtherance of this claim and admits that he did not exhaust his state remedies on this issue due to his "ignorance of law without legal counsel." [Id.]. The Petitioner did not raise this issue on appeal or in his post-conviction MAR. [Id.].

A claim pursuant to 28 U.S.C. § 2254 must be based on a violation of federal constitutional law. However, the Petitioner's claims are vague and conclusory and he sets forth no factual allegations sufficient to set forth any discernable federal constitutional violation. State law issues relating to the admissibility of evidence and prior record calculations for sentencing purposes are not reviewable under § 2254 absent allegations of a federal constitutional violation. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)(holding that federal habeas review is not available to review errors of state law). The Petitioner's habeas petition is therefore deficient as it fails to specify any valid grounds for habeas relief.

The Petitioner's § 2254 petition is also procedurally barred due to the Petitioner's failure to exhaust his available state remedies. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A). In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement "in two ways": (1) by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review; or (2) by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. Joyner v. Hooks, 2019 WL 3561429, *3 (E.D.N.C. 2019); N.C. Gen.Stat. § 7A–31; N.C. Gen.Stat. § 15A–1422. See also McNeil v. Whitener, 2012 WL 4086510, *5 (E.D.N.C. 2012)(to satisfy the exhaustion requirement, a petitioner must show that "his instant federal claims followed along one of these two tracks to completion of review in the state courts.").

The Petitioner indicates in his petition that he did not file a direct appeal of his judgment of conviction. [Doc. 1 at 1-2]. Although the Petitioner filed a post-conviction MAR in the Mecklenburg County Superior Court, the Petitioner admits that the MAR did not include the allegations he seeks to raise in his § 2254 federal habeas petition. [Id. at 6-7]. The Petitioner also

did not seek appellate review of the denial of the MAR. [Id. at 3-5]. Therefore, the Petitioner has not properly exhausted his available state remedies and his § 2254 petition is procedurally barred.

## III. CONCLUSION

For the reasons set forth above, the Petitioner's § 2254 petition shall be dismissed for failing to set forth a viable habeas claim and for failure to exhaust his available state remedies. The Court grants the Petitioner's *in forma pauperis* application for the limited purpose of this Court's initial review of the § 2254 petition.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's Motion to Proceed *In Forma Pauperis*, filed on May 17, 2023 is **GRANTED**. [Doc. 3].

2. The Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: May 25, 2023

Martin Reidinger
Chief United States District Judge